UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUTEN BLACKGOLD,<br><br>                            Petitioner,<br><br>v.<br><br>RAYMOND MADDEN,<br><br>                           Respondent. | Case No.: 3:23-cv-00013-CAB-BGS<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF 8]** |

Suten Blackgold, Petitioner, moves for an appointment of counsel. (ECF 8.) Petition filed a Petition for Writ of Habeas Corpus on January 1, 2023. (ECF 1.) His application to proceed in forma pauperis has been granted. (ECF 6.) For the following reasons, Petitioner's request for an appointment of counsel is **DENIED**.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McClesky v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Even so, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may receive court-appointed counsel when the court determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015). In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary

to prevent due process violations." *Chaney*, 801 F.2d at 1196. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. *Id.* The appointment of counsel may also be necessary if the petitioner is of such limited education as to be incapable of presenting his claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970).

Petitioner's request does not identify a specific reason counsel is necessary; he requests counsel generally, "so that [his] interests may be protected by the professional assistance required." (ECF 8 at 1.) Furthermore, the Court has reviewed his petition, and concludes at this stage that there are no issues that are too complex that would indicate that appointed counsel is "necessary to prevent due process violations." *See Chaney*, 801 F.2d at 1196. Thus, the interests of justice do not require the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B). Petitioner's request for appointment of counsel is, therefore, **DENIED.**

**IT IS SO ORDERED**.

Dated: July 17, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge