1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
8      SOUTHERN DISTRICT OF CALIFORNIA
9
10 SUTEN BLACKGOLD,               Case No.:  3:23-cv-00013-CAB-BGS

11              Petitioner,

                      **REPORT AND**

12 v.                        **RECOMMENDATION TO GRANT**
                      **MOTION TO DISMISS**

13 RAYMOND MADDEN,

14             Respondent.      **[ECF 10]**

15

16       Petitioner, Suten Blackgold, a state prisoner proceeding pro se and in forma

17 pauperis, has filed a Petition for Writ of Habeas Corpus under the Antiterrorism and

18 Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, challenging the January

19 21, 2021, Level Three Decision of the California Department of Corrections and

20 Rehabilitation (CDCR) Office of Appeals that resulted in the forfeiture of 150 days of

21 Petitioner's good time credit.  Respondent, Raymond Madden, warden of Centinela State

22 Prison, moves to dismiss the Petition.  Petitioner has filed no opposition.

23       This Report and Recommendation is submitted to United States District Judge Cathy

24 Ann Bencivengo pursuant to 28 U.S.C. § 636.  For the following reasons, it is respectfully

25 **RECOMMENDED** that the Motion to Dismiss the Petition for Writ of Habeas Corpus be

26 **GRANTED**.

27     **I.**     **BACKGROUND**

28       The Petition arises out of a February 11, 2020, incident at Centinela State Prison

followed by an April 6, 2020, disciplinary hearing, at which Petitioner, a Centinela inmate, was found guilty by a preponderance of the evidence of the offense of Battery on a Peace Officer under the California Code of Regulations. (ECF 11-2 at 26.) Petitioner was sanctioned, in part, by forfeiting 150 days of good time credit. (*See id.* at 23.) Petitioner appealed the decision to the Second and Third Levels of the California CDCR Office of Appeals, with the Third Level Decision adopting the Second Level Decision and denying the appeal on January 21, 2021. (ECF 11-1 at 1, 10.)

On September 28, 2021, Petitioner filed a petition for writ of habeas corpus in the Southern District. *See Blackgold v. Madden*, No. 21-cv-1801-MMA (JLB), 2021 WL 4974702 (S.D. Cal. Oct. 26, 2021) (discussing the petitioner's failure to exhaust his claims by not raising them in the California Supreme Court, cautioning the petitioner about the statute of limitations, dismissing the case without prejudice, and instructing the petitioner to file a first amended petition that cures pleading deficiencies on or before December 27, 2021).

Following the denial of that petition, on November 7, 2021, Petitioner constructively filed a petition for writ of habeas corpus in Imperial County Superior Court.[1] (ECF 11-2 at 6.) He raised one claim of fabrication of evidence under the Fourteenth Amendment to the United States Constitution.[2] (ECF 11-2 at 2-6.) The court denied it as untimely for it

---

[1] Under the "'prison mailbox rule,' a prisoner's habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." *Id.* at 1223. In this case, it is unclear when Petitioner handed the petition to prison officials, but the date next to the signature line on the petition is November 7, 2021. (*See* ECF 11-2 at 6.) The Court, therefore, uses that date as the filing date. *Vera v. Adams*, No. 10-CV-1940-LAB-BLM, 2013 WL 6196534, at *4 (S.D. Cal. Apr. 29, 2013) (noting that because the court could not locate the filing date used by the respondent in the habeas petition or the order denying the petition and there was no date next to the signature line on the petition itself, "in an abundance of caution" the court would use the earlier date used by the respondent than the date the habeas petition was filed with the court), *report and recommendation adopted by* 2013 WL 6196534 (S.D. Cal. Sept. 3, 2013)).

[2] *See Devereaux v. Abbey*, 263 F.3d 1070, 1075 (9th Cir. 2001) ("There is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government.")

having been filed nine months after the Third Level Decision.[3]  (*See* ECF 11-3 at 1.)

On June 29, 2022, the petition to the Supreme Court of California was constructively filed.[4]  (ECF 11-5 at 1.)  Petitioner raised the fabrication of evidence claim as well as new claim, not raised in the superior court.  (ECF 11-4 at 1-14.)  The petition was denied on October 26, 2022, for failing to include copies of reasonably available documentary evidence and exhaust available administrative remedies.  (*Id.* at 4.)

The Petition in this Court was constructively filed on December 5, 2022.  (ECF 1 at 31.)  Petitioner raises several claims, including the fabrication of evidence claim he raised in the superior court and in the California Supreme Court.  (*Id.* at 1-31.)  On July 17, 2023, Respondent moved, unopposed, to dismiss.  (*See* ECF 7, 10 ("If Respondent files a motion to dismiss, Petitioner must file his opposition, if any, to the motion no later than August 17, 2023.").)

## II.   PARTIES' CLAIMS AND ARGUMENTS

Petitioner's claims stem from a February 11, 2020, altercation with prison officers that had been preceded by Petitioner being told that a religious necklace he was wearing was longer than prison regulations allowed.  Petitioner alleges that officers wrote false reports about him after the incident, which included statements that Petitioner had committed battery on a peace officer with a weapon, a violation of California Code of Regulations, Title 15, Section 3005(d)(1).  (*Id.* at 6.)  After a March 7, 2020, hearing,

---

[3] Petitioner did not file a habeas petition in the California Court of Appeal.  In California, "[t]he Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings."  *In re Kler*, 188 Cal. App. 4th 1399, 1403 (2010) (citing Cal. Const. Art. 6, § 10).  "This 'original jurisdiction' means that a petition for writ of habeas corpus may be filed in the first instant in the superior court, Court of Appeal, or the California Supreme Court."  *Id.*  However, ordinarily, a prisoner will file a petition in a lower court first.  *Saffold*, 536 U.S. at 221 (citing Witkin & N. Epstein, California Criminal Law § 20, p. 540 (3d ed. 2000) (describing general policy that reviewing court will require application to have been made first in lower court)).  "At the same time, a prisoner who files that same petition in a higher, reviewing court will find that he can obtain the basic appellate review that he seeks, even though it is dubbed an 'original' petition."  *Id.* at 222.

[4] Because it is unclear when Petitioner handed the petition to prison officials and the date next to the signature line on the petition is June 29, 2022 (*see* ECF 11-4, at 11), the Court again uses that date as the filing date.

Petitioner was penalized, in part, by forfeiting 150 days of good time credit.[5]  (*Id.* at 9.)

Defendant argues the claims should be dismissed because they are untimely under the one-year limitations period in 28 U.S.C. § 2244(d)(1), procedurally defaulted, unexhausted, and because the Petition was filed in violation of a court order in Petitioner's prior habeas case, *Blackgold*, 2021 WL 4974702.  (ECF 10-1.)

## III.  MOTION TO DISMISS LEGAL STANDARDS

"The Court of Appeals for the Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4 [of the Rules Governing Section 2254 Cases]."  *Wheeler v. Arnold*, No. 2:15-cv-1383 MCE DB P, 2017 WL 416142, *2 (E.D. Cal. Jan. 30, 2017) (citing *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990)). Rule 4 allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  28 U.S.C. foll. § 2254.  "In ruling on a motion to dismiss, the court must accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party."  *Id.* (internal quotation marks omitted) (alteration in original).

## IV.  GROUNDS FOR DISMISSAL

### A. The Claims are Barred by the Statute of Limitation

Under § 2244(d)(1), "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—"

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

---

[5] Challenges to prison disciplinary findings support federal habeas jurisdiction if the disciplinary action resulted in a credit loss that directly and necessarily affects the duration of confinement.  *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc).

the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

AEDPA establishes the above triggering dates for the one-year limitations period, and "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,'" including habeas petitions that challenge an administrative decision rather than a state court judgment. *See Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting § 2244(d)(1)). "AEDPA's one-year statute of limitations . . . applies to a petition challenging a prison disciplinary proceeding." *Mardesich v. Cate*, 668 F.3d 1164, 1171-72 (9th Cir. 2012). In most cases, the date the judgment became final is the date of the conclusion of direct review or the expiration of time for seeking such review. *Shelby*, 391 F.3d at 1063. An administrative decision of a petitioner who is in custody becomes final when an administrative appeal is denied. *Id.*; *see Vera*, 2013 WL 6196534, at *6 ("As a general rule, the state agency's denial of an administrative appeal is the factual predicate for such habeas claims." (internal quotation marks omitted)). When a court considers whether an application is timely, it applies AEDPA's one-year statute of limitations in § 2244(d)(1) "to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1169 (9th Cir. 2012).

Petitioner challenges an administrative decision of the CDCR. The decision became final when direct review was concluded by the Level Three Decision on January 21, 2021.

The statute of limitations began to run under § 2244(d)(1)(A) on January 22, 2021.[6]  To timely file a habeas petition in federal court under AEDPA, Petitioner was to have done so on or before January 21, 2022.  Instead, the Petition was filed in this Court on January 3, 2023, almost two years after the date the limitations period began to run.  Therefore, "unless the limitations period was tolled on statutory or equitable grounds," "the one-year statute of limitations bars Petitioner's claim."  *See Hawkins v. Cate*, No. 08cv0678 J(PCL), 2009 WL 2044259, at *3 (S.D. Cal. July 13, 2009).

### 1. Statutory Tolling

#### a. Legal Standard

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2). Section 2244(d)(2) "modifies the 1-year filing rule . . . in order to give States the opportunity to complete one full round of review, free of federal interference."  *Carey v. Saffold*, 536 U.S. 214, 222 (2002).  While the ordinary state collateral review process is in continuance, an application is pending under § 2244(d)(2).  *Id.*  Section 2244(d)(2) interacts with state procedural rules by considering whether the collateral review process of the state in which the matter is pending is in continuance.  *Id.*  When a court applies a federal statute that interacts with state procedural rules, it must look to how the state procedure functions. *Id.* at 223.

Regarding California's collateral review process, in *Saffold*, the Supreme Court explained that the collateral review process in California is different than the process in other States because California does not "technically speaking" require appellate review of a lower court decision and determines whether a petition is timely by a "reasonableness"

---

[6] "For purposes of 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations begins to run the day after the judgment becomes final on direct review."  *Rubidoux v. Grounds*, No. 3:14-cv-00037-H-MDD, 2016 WL 3033855, at *2 (S.D. Cal. May 27, 2016).  The CDCR decision became final on direct review on January 21, 2021.  Therefore, the statute of limitations began running on January 22, 2021.

standard. *Id.* at 221; *see Evans v. Chavis*, 546 U.S. 189, 198 (2006) ("[T]he federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'"). In *Evans*, the Supreme Court pointed out that "[s]ix months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court." *Evans*, 546 U.S. at 201 (alternation in original) (citing *Saffold*, 536 U.S. at 219). The Court then "found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.'" *Id.* at 201. In *Robinson v. Lewis*, the Ninth Circuit certified the following question to the California Supreme Court:

> "When a state habeas petitioner has no good cause for delay, at what point in time is that state prisoner's petition, filed in a California court of review to challenge a lower state court's disposition of the prisoner's claims, untimely under California law; specifically, is a habeas petition untimely filed after an unexplained 66-day delay between the time a California trial court denies the petition and the time the petition is filed in the California Court of Appeal?"

*Robinson v. Lewis*, 795 F.3d 926, 928 (9th Cir. 2015). "Without the California Supreme Court's guidance on this issue," the Court explained, "federal courts lack the means to make a correct determination of whether a state habeas petition was properly filed, and thus whether its filing tolls the federal statute of limitations for filing a federal habeas petition." *Id.*

Addressing the certified question, one involving the "interplay between California law and . . . [AEDPA]," *Robinson v. Lewis*, 9 Cal. 5th 883, 891 (2020), the California Supreme Court rejected the argument that a six-month delay should be a "safe harbor" within which gap delay would never be considered substantial delay. *Id.* at 899. The California Supreme Court emphasized the United States Supreme Court's observation in *Evans* that it could not "see how an unexplained delay of this magnitude [six months] could fall within the scope of the federal statutory word 'pending' as interpreted in *Saffold*." *Id.*

at 901 (quoting *Evans*, 546 U.S. at 201).  The California Supreme Court recognized that "[a]n unexplained delay of that duration [six months] might endanger gap delay tolling in federal court."  *Id.*  The court ultimately held that under California law, a delay of up to 120 days between the filing of a petition in a higher court after a lower court has denied relief is a safe harbor, would never be considered substantial delay by itself, and would never make the claim untimely if the petitioner had otherwise presented the claim without substantial delay.  *Id.* at 899, 902.  At the same time, the court stated that a delay of more than 120 days will not automatically be considered substantial delay.  *Id.* at 891.

### b. Analysis

On November 7, 2021, Petitioner filed a state petition for writ of habeas corpus in Imperial County Superior Court alleging one claim of fabrication of evidence.  (ECF 11-2 at 1-6.)  As discussed, the statute of limitations began to run on January 22, 2021.  If the superior court petition was timely filed, the time period between the date the statute of limitations began to run and the filing date will not count toward the one-year statute of limitations in § 2244(d)(1).

Petitioner's November 7, 2021, superior court petition was constructively filed 289 days after the statute of limitations began to run, well-beyond California's 120-day safe harbor and the proposed six-month safe-harbor that the California Supreme Court rejected in *Robinson*.  *See Robinson*, 795 F.3d at 928.  Based on the discussion in *Robinson* and *Evans* of a six-month delay running afoul of the statutory word "pending" in § 2244(d)(1), and the California Supreme Court's rejection of a six-month safe harbor for filing after a lower court decision in *Robinson*, the near-nine-month delay between the time the limitations period began to run in this case and the date the petition was filed in the superior court is not reasonable under California law.  *See Manley v. Davey*, No. 2:17-CV-2686-TLN-DMC-P, 2021 WL 1102724, at *8 (E.D. Cal. Mar. 23, 2021) (near-five-month delay untimely); *Walker v. Brazelton*, No. 1:11-cv-00585-AWI-SKO (HC), 2021 WL 3401291, at *1 (E.D. Cal. Aug. 4, 2021) (five-and-a-half-month delay unreasonable); *see also Nedd v. Bird*, No. 1:22-cv-00704-JLT-HBK (HC), 2023 WL 2392702, *4 (E.D. Cal. Mar. 7,

2023) (168-day delay unreasonable).  Therefore, the petition was not "pending" under § 2244(d)(2) during the time period extending from the date the statute of limitations began running and the filing of the petition in the superior court, 289 days, and the limitations period is not tolled under § 2244(d)(2) during that period.

Petitioner's June 29, 2022, California Supreme Court petition was constructively filed 181 days after the superior court dismissed the petition in that court on December 30, 2022.  Again, given the discussion in *Robinson* and *Evans* of a six-month delay running afoul of the statutory word "pending" in § 2244(d)(1), and the California Supreme Court's rejection of a six-month safe harbor for filing after a lower court decision in *Robinson*, the application was not "pending" under § 2244(d)(1) during the 181 days between the superior court's decision and the petition being filed in the California Supreme Court.  *See Manley*, 2021 WL 1102724, at *8; *Walker*, 2021 WL 3401291, at *1; *see also Nedd*, 2023 WL 2392702.   Therefore, the 181-day gap also counts toward the one-year statute of limitations.

Because statutory tolling does not apply during the state court proceedings in this case, the Court must consider the time period between state court proceedings in determining when the claims expired under the one-year statute of limitations.  Considering the two periods together, the 289 days between the Level Three Decision and the filing in the superior court and 181 days between the superior court decision and the filing in the California Supreme Court, at the time of the filing in the California Supreme Court, 470 days total had accrued toward the one-year statute of limitations under § 2244(d)(1).  Thus, the one-year statute of limitations barred the Fourteenth Amendment fabrication of evidence claim before the petition in this Court was filed on December 6, 2022.[7]  It is,

---

[7] Timeliness under AEDPA's one-year statute of limitations is determined by considering "each claim in a habeas application on an individual basis." *Mardesich*, 668 F.3d at 1169.  Petitioner raised a claim of fabrication of evidence under the Fourteenth Amendment in the superior court and in the California Supreme Court.  He also raised new claims in the California Supreme Court and in this Court, which are also untimely.  (*See* ECF 11-2 at 1-6, 11-4 at 1-11.)  The statute of limitations began to run on January 22, 2021.  New claims filed in the Supreme Court were filed on June 29, 2022.  Those claims, therefore,

therefore, **RECOMMENDED** that the Motion to Dismiss be **GRANTED** because the petition is untimely under § 2244(d)(1).

### 2. Equitable Tolling

When statutory tolling does not apply in a case, a petitioner may nevertheless be entitled to equitable tolling. The threshold necessary to trigger equitable tolling is high, however, and as a result, it is not available in most cases. *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010). A petitioner bears a heavy burden to prove an entitlement to equitable tolling. *Id.* Generally, a petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[T]he burden is on the petitioner to show that the 'extraordinary circumstances' he has identified were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "Determining whether equitable tolling is warranted is a fact-specific inquiry." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).

Petitioner has filed no opposition, and his petition in the superior court does not address his delayed filing there.[8] In his petition in the California Supreme Court, Petitioner stated in regard to any delay in the discovery of the grounds for relief and in raising the claims in his petition in that court that, "I didn't know at first I had to file a 'writ' and the COVID-19 Pandemic had just hit the global landscape. I did file March 7, 2022 with

---

were filed 523 days after the statute of limitations began running. New claims filed in this Court were filed on December 5, 2022. Those claims, therefore, were filed 682 days after the statute of limitations began running.

[8] In its order, the superior court stated the following: "Petitioner makes no attempt to explain or excuse the delay as the portion of the petition that asks for such an explanation simply reads "N/A." (ECF 11-3 at 2.)

Imperial Superior Court."[9]  (ECF 11-4 at 11.)

After the February 20, 2020, incident, on July 8, 2020, Petitioner filed a 28 U.S.C. § 1983 case in the Southern District.  *See Grady v. Alonzo, et al.*, No. 3:20-cv-01273-MMA-WVG, 2021 WL 3022422 (S.D. Cal. July 16, 2021).  Meanwhile, the Third Level Decision was rendered on January 21, 2021.  The § 1983 case was dismissed on July 16, 2021.  *See id.* at *5.  On September 28, 2021, Petitioner filed a habeas petition in the Southern District.  *See Blackgold*, 2021 WL 4974702.  That petition was dismissed on October 26, 2021.  *See id.*  Finally, on November 7, 2021, Petitioner filed a habeas petition in the superior court.

As discussed, the superior court petition was filed 289 days after the statute of limitations began running.  The COVID-19 Pandemic had not "just hit the global landscape" between the time of the Level Three Decision on January 21, 2021, and the date the petition was filed in the superior court, November 7, 2021.  Furthermore, a general reference to the COVID-19 Pandemic without a showing of how COVID-19 or specific COVID-19 protocols affected a petitioner's ability to pursue his claims is insufficient to show extraordinary circumstances.  *See Edgin v. Covello*, No. 20-cv-07565-JD, 2021 WL 4355333, at * 3-5 (N.D. Cal. Sept. 24, 2021) (concluding, in part, that there were no extraordinary circumstances warranting equitable tolling under AEDPA because the petitioner failed to show that the COVID-19 restrictions at the prison law library and delays in sending and receiving mail actually impeded his ability to file within the limitations period); *see also Edwards v. Robertson*, No. 5:23-cv-00126-MEMF-KES, 2023 WL 6172093, at *10 n.12 (C.D. Cal. Aug. 28, 2023) ("Petitioner would still not be entitled to equitable tolling unless he could show how those [COVID-19] protocols impacted his ability to timely file a federal petition."); *Blackman v. Cisneros*, No. CV 21-2739-MEMF (JPR), 2022 WL 2046203, at *7 (C.D. Cal. Mar. 8, 2022) (holding that "[t]he purported COVID-19 restrictions on [the] [p]etitioner's access to the prison law library and his inmate legal assistant do not warrant equitable tolling," based on the petition "provid[ing] no

---

[9] As noted, the habeas petition filed in the superior court is dated November 7, 2021.

information or documentation concerning how inmates' access to the law library was restricted," and merely "conclusorily alleg[ing] that 'there is no access.'").

There is no indication here that an external force, or extraordinary circumstance, caused the delay. *See Miles*, 187 F.3d at 1107. Petitioner offers no valid explanation for his failure to timely file a petition in the superior court. Furthermore, even assuming the reason Petitioner failed to timely file his petition in the superior court was his confusion about the procedure for challenging his confinement, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). There is no extraordinary circumstance before the Court that would warrant equitable tolling between January 22, 2021, and November 7, 2021.

Regarding the delay in filing in the California Supreme Court, after the superior court dismissed the petition on December 30, 2021, 181 days later, on July 7, 2022, the petition was filed in the California Supreme Court. Again, the COVID-19 Pandemic had not "just hit the global landscape" between December 30, 2021, and July 7, 2022. Furthermore, as discussed, a lack of legal sophistication is not by itself an extraordinary circumstance warranting equitable tolling. *See Rasberry*, 448 F.3d at 1154.

Petitioner has not diligently pursued his rights and no extraordinary circumstances prevented his timely filing of a federal habeas petition. Therefore, it is **RECOMMENDED** that the Court **GRANT** the Motion to Dismiss the petition as untimely because equitable tolling does not apply.

### B. Procedural Default

#### 1. The Procedural Default Doctrine

Respondent argues that the Petition is procedurally defaulted and therefore precluded from being reviewed by a federal court. (ECF 10-1 at 5.) Petitioner has neither filed an opposition nor addressed procedural default in his Petition.

The procedural default doctrine "'bar[s] federal habeas [review] when a state court declined to address a prisoner's federal claims because the prisoner has failed to meet a

state procedural requirement.'" *Calderon v. U.S. Dist. Ct.*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "'The procedural default doctrine is a specific application of the general adequate and independent state grounds doctrine.'" *Id.* at 1129 (quoting *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994)). Under the adequate and independent state grounds doctrine, federal courts "'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Id.* at 1129 (quoting *Coleman*, 501 U.S. at 729); *see also La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001); *Park v. California*, 202 F.3d 1146, 1151 (9th Cir. 2000). A state procedural rule is independent if it is not interwoven with federal law. *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). A state procedural rule is adequate if it is clear, consistently applied, and well established at the time of the default. *Calderon*, 96 F.3d at 1129.

Because procedural default is an affirmative defense, a respondent must first have adequately pled the existence of an independent and adequate state procedural ground. *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). Once the defense is placed at issue, the burden shifts to the petitioner, who must then assert specific factual allegations that demonstrate the inadequacy of the state procedure. *Id.* The ultimate burden of proving procedural default, however, belongs to the state. *Id.* If the state meets this burden, federal review of the claim is foreclosed unless a petitioner can demonstrate cause for the default and actual prejudice because of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

### 2. Procedural Default Analysis and Recommendation

#### a. Citation to *In re Dexter*

Petitioner filed his habeas petition before the California Supreme Court alleging the same claim of fabrication of evidence that he had alleged in the superior court as well as a new claim of denial of the opportunity to introduce favorable evidence. (*See* ECF

11-4 at 1.)  The California Supreme Court denied his petition, citing *People v. Duvall*, 9 Cal. 4th 464, 474 (1995), for the proposition that a petition for writ of habeas corpus must include copies of reasonably available documentary evidence and *In re Dexter*, 25 Cal. 3d 921, 925-926 (1979), for the proposition that a habeas corpus petitioner must exhaust available administrative remedies.  (*See* ECF 11-5 at 1.)  On October 26, 2022, the California Supreme Court denied review, and on December 5, 2022, Petitioner filed his petition here.

The California Supreme Court declined to entertain Petitioner's claims on the procedural bar that he had not exhausted available administrative remedies.  The California Supreme Court addressed this procedural requirement in *In re Dexter*, 25 Cal. 3d at 925 ("As a general rule, a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies.").

California's administrative exhaustion rule is based solely on state law and is therefore independent of federal law.  *See Carter v. Giurbino*, 385 F.3d 1194, 1197-98 (9th Cir. 2004) ("A state ground is independent only if it is not interwoven with federal law.").  California's administrative exhaustion rule has also been firmly established and has been regularly followed since 1941 and is therefore adequate to support a judgment. *See Abelleira v. Dist. Ct. App.*, 17 Cal. 2d 280, 292 (1941) ("[T]he rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act."); *In re Muszalski*, 52 Cal. App. 3d 500, 503 (1975) ("It is well settled as a general proposition that a litigant will not be afforded relief in the courts unless and until he has exhausted available administrative remedies."); *see also Drake v. Adams*, No. 2:07-cv-00577 JKS, 2009 WL 2474826, at *2 (E.D. Cal. Aug. 11, 2009) ("In reviewing California cases in which the issue of exhaustion was decided during the past 10 years, the Court was unable to find a single case in which a California appellate court did not deny a petition for failure to exhaust administrative remedies.  Thus, this doctrine appears to be well established and consistently applied.").

California district courts have consistently held that when the California Supreme Court denies a petition with a citation to *In re Dexter*, a federal habeas petition is procedurally barred because California's administrative exhaustion rule is both independent of federal law and adequate to support a state court's judgment. *See, e.g., Herrera v. Gipson*, No. 2:12-cv-2982 TLN DAD P, 2014 WL 5463978, at *1 (E.D. Cal. Oct. 24, 2014) (holding that the decision of the California Supreme Court, which cited *Duvall* and *In re Dexter*, signified that the petitioner had procedurally defaulted on his claims based on his failure to exhaust administrative remedies); *see also Thompson v. Macomber*, No. 2:14-CV-1787-GEB-GGH, 2015 WL 222583, at *3 (E.D. Cal. Jan. 14, 2015) ("In light of the California Supreme Court's citation to *In re Dexter* in its summary denial of petitioner's state court petition, the undersigned finds that the state decision rested on an independent and adequate state ground."); *Riley v. Grounds*, No. C-13-2524 TEH (PR), 2014 WL 988986, at *4 (N.D. Cal. Mar. 11, 2014) (granting motion to dismiss petition as procedurally barred in light of California Supreme Court summary denial with a citation to *In re Dexter*); *Yeh v. Hamilton*, 1:13-cv-00335 AWI GSA HC, 2013 WL 3773869, at * 2-3 (E.D. Cal. July 17, 2013) (holding that the petitioner's claims were procedurally barred after California Supreme Court denied the state petition with a citation to *In re Dexter*); *Foster v. Cate*, 1:12-cv-01539 AWI BAM HC, 2013 WL 1499481, at *3-4 (E.D. Cal. Apr. 11, 2013) (holding that the California Supreme Court's citation to *In re Dexter* is both independent and adequate and therefore federal habeas review was procedurally barred); *Gaston v. Hedgepeth*, No. C 10-4068, 2011 WL 5445651, at *2 (N.D. Cal. Nov. 9, 2011) ("The California Supreme Court's citation to *Dexter* is thus independent and adequate to bar Petitioner's claim from federal habeas review."); *Edwards v. Small*, No. 10CV918-JM(JMA), 2011 WL 976606, at *8-9 (S.D. Cal. Feb.18, 2011) (finding all claims presented in the petition procedurally barred because failure to exhaust administrative remedies is an independent and adequate state procedural rule).

3:23-cv-00013-CAB-BGS

In light of the California Supreme Court's citation to *In re Dexter* in its summary denial of Petitioner's state court petition, the California Supreme Court's decision rested on an independent and adequate state ground. *See Calderon v. U.S. Dist. Ct.*, 96 F.3d at 1129. Respondent has carried the initial burden of pleading the existence of an adequate and independent state procedural bar to review of his federal habeas petition, and the burden has, therefore, shifted to Petitioner to challenge the independence or adequacy of the procedural bar. Petitioner has not challenged the independence or adequacy of the state rule in his petition. Therefore, it is **RECOMMENDED** that the Court conclude that Petitioner's habeas petition is procedurally defaulted.

### b. Exceptions

The Court may excuse Petitioner's procedural default and entertain the merits of his claim if Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Petitioner has not filed an opposition, and his Petition does not argue that an exception to the procedural default doctrine applies.

### 1) Cause

Cause to excuse procedural default requires "something external to the petitioner, something that cannot fairly be attributed to him . . . '[that] impeded [his] efforts to comply with the State's procedural rule.'" *Id.* at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Petitioner fails to show some objective external factor impeded his efforts to comply with the State's procedural rule. It is, therefore, **RECOMMENDED** that the Court find he has not shown cause to excuse the default. *McCleskey*, 499 U.S. at 493-94; *Edwards*, 529 U.S. at 451-52; *Keeney*, 882 F.2d at 1434.

### 2) Actual prejudice

Prejudice to excuse a procedural default is actual harm resulting from the alleged error. *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Petitioner has not shown

3:23-cv-00013-CAB-BGS

1   actual prejudice that would excuse the procedural default.  It is, therefore,

2   **RECOMMENDED** that the Court find he has not shown actual harm resulting from the

3   alleged error sufficient to excuse the default.  *See id.*

4       **3)  Fundamental miscarriage of justice**

5       Petitioner can still avoid the procedural default if he can demonstrate that a

6   fundamental miscarriage of justice would result from this Court's failure to reach the

7   merits of the claim.  The miscarriage of justice exception is limited to petitioners who can

8   show that a constitutional violation has probably resulted in the conviction of one who is

9   actually innocent.  *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*,

10  477 U.S. 478, 496 (1986)).  "In order to pass through *Schlup's* gateway, and have an

11  otherwise barred constitutional claim heard on the merits, a petitioner must show that, in

12  light of all the evidence, including evidence not introduced at trial, 'it is more likely than

13  not that no reasonable juror would have found petitioner guilty beyond a reasonable

14  doubt.'"  *Majoy v. Roe*, 296 F.3d 770, 775-76 (9th Cir. 2002) (quoting *Schlup*, 513 U.S.

15  at 327).  "A petitioner need not show that he is 'actually innocent' of the crime he was

16  convicted of committing; instead, he must show that 'a court cannot have confidence in

17  the outcome of the trial.'"  *Id.* at 776 (quoting *Carriger v. Stewart*, 132 F.3d 463, 478

18  (9th Cir. 1997) (en banc)).

19      Petitioner challenges his conviction for battery on a peace officer based on

20  allegations that officers fabricated evidence against him and wrote false reports.  (ECF 1.)

21  A review of the exhibits attached to the Petition indicates that it was Petitioner's word

22  against the officers' at the hearing.  (*See id.*)  Petitioner shows neither that it is more

23  likely than not that no reasonable trier of fact would have found him guilty of battery on a

24  peace officer nor that this Court cannot have confidence in the outcome of the hearing.

25  *Majoy*, 296 F.3d at 776; *see Schlup*, 513 U.S. at 314-15.

26      Accordingly, this Court **RECOMMENDS** that the Motion to Dismiss be

27  **GRANTED** on the ground that neither exception (good cause and prejudice or a

28

miscarriage of justice) that would excuse a procedural default and allow a federal court to consider the merits of a claim applies here.

### C. Exhaustion

Respondent argues that the petition for writ of habeas corpus must be dismissed because Petitioner has failed to exhaust state court remedies.  Petitioner has not responded to this contention.

"State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims."  *See Rhines v. Weber*, 544 U.S. 269, 273-74 (2005); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court-that is, 'exhaust' them, before seeking relief in federal court."); *Farmer v. Baldwin*, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.").

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting those claims for relief to the federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008).  A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based.  *See id.* ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect."); *Lounsbury v. Thompson*, 374 F. 3d 785, 787 (9th Cir. 2004) (same).

In this case, the California Supreme Court denied petitioner's exhaustion petition with a citation to *In re Dexter*.  In *In re Dexter*, the California Supreme Court held that the court will not afford a prisoner judicial relief unless he has first exhausted available administrative remedies.  *In re Dexter*, 25 Cal. 3d at 925.  The California Supreme Court's citation to *In re Dexter* signifies that the court did not reach the merits of

Petitioner's claims because Petitioner failed to exhaust his available administrative remedies.  *See Harris v. Sup. Ct.*, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc) ("If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation."); *see, e.g. Herrera*, 2014 WL 5463978, at *3 ("In light of the California Supreme Court's citation to *In re Dexter* in its summary denial of petitioner's exhaustion petition, the undersigned finds that petitioner has not fairly presented his claims to the state's highest court and has not satisfied the exhaustion requirement."); *Turner v. Dir. of CDC*, No. 1:14-cv-00392-LJO-JLT, 2014 WL 4458885, at *3 n.2 (E. D. Cal. Sept. 10, 2014) ("[F]or exhaustion purposes, the citation to *Dexter* alone is sufficient, without the need to review the state petition, to establish that the claims in the first amended petition were never considered on their merits by the state court and, thus were not 'fairly presented' within the meaning of AEDPA.");  *Dean v. Diaz*, No. 1:14-cv-00209-SKO-HC, 2014 WL 1275706, at *5 (E.D. Cal. Mar. 27, 2014) ("This court has regularly relied on a citation to *Dexter* to find that a federal petition is unexhausted."); *Riley*, 2014 WL 988986, at *4 (granting a motion to dismiss a petition as unexhausted in light of the California Supreme Court's summary denial with a citation to *In re Dexter*); *Franklin v. Gipson*, No. CV 12-7411-R (PLA), 2013 WL 1339545, at *3 (C.D. Cal. Feb. 19, 2013) ("[T]he California Supreme Court's dismissal based on *Dexter* renders Ground One unexhausted.").

The California Supreme Court did not make a decision on the merits in this case. Therefore, the Petitioner did not fairly present his claims to the California Supreme Court.  He did not rectify this procedural default.  As such, he has not exhausted his state court remedies.  It is **RECOMMENDED** that the Motion to Dismiss be **GRANTED** based failure to exhaust state court remedies.

### D. Violation of Court Order

Respondent argues the petition must be dismissed because it was filed in violation of the court's order in *Blackgold*, 2021 WL 4974702, Petitioner's prior Southern District habeas case.  Respondent relies on *Lazo v. United States*, Nos. 98CV0119-B (LSP), 99CV0037-B, 1999 WL 250893 (S.D. Cal. Feb. 9, 1999), and *Shteynbert v. Sheriffs Dept.*, No. 17-CV-2149 JLS (KSC), 2017 WL 5495094 (S.D. Cal. Nov. 16, 2017), in support of this argument.  Petitioner has not addressed this contention in his Petition.

In *Lazo*, the court entered an order on September 17, 1998, that, in relevant part, gave the plaintiffs 30 days to file an amended complaint that corrected the deficiencies the court had noted in its order.  (ECF 63 at 23-24.[10])  The plaintiffs did not file an amended complaint.  (*Id.*)  About two months after the court's order, the plaintiffs moved for reconsideration of the order.  (*Id.*)  On November 24, 1998, the court denied the motion, entered the following order:

> Plaintiff's complaint is hereby dismissed in its entirety, without leave to amend . . . .

(ECF 75 at 6.)  On January 11, 1999, the plaintiffs started a new case by filing a complaint in under a new docket number.  *See Lazo*, 1999 WL 250893, at * 1-2.  The claims were dismissed, and the court stated the following regarding its November 24, 1998, order:

> [B]y dismissing without leave to amend, the Court means exactly that—without leave to amend, ever.  Plaintiffs appear to have filed a complaint re-alleging all of the claims against [two parties] . . . that were dismissed without prejudice *but without leave to amend*.  Plaintiffs erroneously appear to believe that by amending the complaint, via filing a new case under a new docket number, they can legitimately circumvent the Court's dismissal of the case in its entirety . . . .

*Id.* at *2 (emphasis in original).

---

[10] The citations to the ECF docket in the discussion of *Lazo* relate to the docket in Case No. 17-CV-2149 JLS (KSC).

*Lazo*'s dismissal of the new case was based on a prior order that dismissed the claims "without leave to amend." *Id.* The prior order referenced by Respondents in this case, in Case No. 3:21-cv-01801-MMA-JLB, did not dismiss Petitioner's claims without leave to amend. The prior order, entered on October 26, 2021, provided the following:

> The Court further DISMISSES the Petition without prejudice. If Petitioner wishes to proceed with this habeas action, Petitioner must file a First Amended Petition that cures the pleading deficiencies outlined in this Order on or before December 27, 2021. The Court therefore DIRECTS the Clerk of Court to mail Petitioner a blank Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2254 together with a copy of this Order.

(ECF 3 at 4.[11]) On February 1, 2022, the following judgment was entered:

> CLERK'S JUDGMENT. IT IS SO ORDERED AND ADJUDGED that this case is dismissed without prejudice in accordance with the Court's October 26, 2021, Order. Petitioner's December 27, 2021 deadline has passed and requisite for First Amended Petition was not submitted. Case is closed.

(ECF 8.) Neither the order giving Petitioner the opportunity to amend nor the order dismissing the case after Petitioner failed to amend dismissed his claims "without leave to amend." *Lazo* does not support Respondent's argument.

In *Shteynbert*, the plaintiff filed a complaint which asserted claims arising out the same alleged injury as claims he had asserted in a complaint in a prior case. *Id.* at \*2. In the original case, the plaintiff had twice been given leave to amend his complaint after it had been dismissed under 28 U.S.C. § 1915(a) screening. *Id.* at \*2-3. Instead of filing an amended complaint in the original case, the plaintiff filed a complaint as a new case. *Id.* at \*3. The court noted that it was necessary to screen the plaintiff's complaint because a court "must screen every civil action brought pursuant to 28 U.S.C. § 1915(a), and

---

[11] The citations to the ECF docket in the discussion of Petitioner's prior case relate to the docket in Case No. 3:21-cv-01801-MMA-JLB.

dismiss any case it finds [fails to meet the standards under 28 U.S.C. § 1915(e)(2)(B).]" *Id.* at *1. The court then stated that the plaintiff failed to provide factual allegations in his complaint and had, therefore, not met the statutory screening standards. *Id.* at *3.

Because the court in *Shteynbert* screened the complaint in the new case, *Shteynbert* also fails to support Respondent's argument that this Court must dismiss the Petition based on the prior order in Case No. 3:21-cv-01801-MMA-JLB. In the order in Petitioner's prior case (ECF 3), the defects in the petition were noted, and Petitioner was given an opportunity to file an amended petition. Nothing in that order or in the court's order closing the case (ECF 8) states that Petitioner could not file an amended petition. It is **RECOMMENDED** that the Court **DENY** the Motion to Dismiss on this ground.

## V.    CONCLUSION

This Report and Recommendation is submitted to United States District Judge Cathy Ann Bencivengo under 28 U.S.C. § 636(b)(1) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. For the reasons discussed above, it is **RECOMMENDED** that Defendant's Motion to Dismiss the Petition for Writ of Habeas Corpus (ECF 10) be **GRANTED**.

Either party may file written objections with the Court and serve a copy on the other parties on or before **December 13, 2023**. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be served and filed on or before **December 20, 2023**. The parties are advised that failure to file objections within the specific time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: November 22, 2023

_____
Hon. Bernard G. Skomal
United States Magistrate Judge