UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUTEN BLACKGOLD,<br><br>                          Petitioner,<br><br>v.<br><br>RAYMOND MADDEN,<br><br>                          Respondent. | Case No.: 23cv13-CAB-BGS<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 13] AND GRANTING MOTION TO DISMISS [Doc. No. 10]** |

On January 3, 2023, Petitioner Suten Blackgold ("Petitioner"), a state prisoner proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the January 21, 2021, Level Three Decision of the California Department of Corrections and Rehabilitation ("CDCR") Office of Appeals that resulted in the forfeiture of 150 days of Petitioner's good time credit. [Doc. No. 1.] On July 17, 2023, Respondent filed a motion to dismiss the Petition. [Doc. No. 10.] Petitioner did not file an opposition.

On November 24, 2023, Magistrate Judge Bernard G. Skomal issued a Report and Recommendation ("Report"), recommending that the Court grant the motion to dismiss. [Doc. No. 13.] The Report also ordered that any objections were to be filed by December 13, 2023. [Report at 22.] To date, no objection has been filed, nor has there been a request for additional time in which to file an objection.

1

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation.  The Court reviews de novo those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id*.

Here, neither party has timely filed objections to the Report.  Having reviewed it, the Court finds that it is thorough, well-reasoned, and contains no clear error.  Accordingly, the Court **HEREBY ADOPTS** Magistrate Judge Skomal's Report and Recommendation [Doc. No. 13] in its entirety.  For the reasons stated in the Report, which is incorporated herein by reference, the Court **GRANTS** the motion to dismiss [Doc. No. 10.] on the following grounds:

(1) the Petition is untimely under 28 U.S.C. §2244(d)(1) and equitable tolling does not apply;

(2) the Petition is procedurally defaulted, Petitioner has not shown actual harm resulting from the alleged error sufficient to excuse the default, and neither exception that would excuse a procedural default and allow a federal court to consider the merits of a claim applies here; and

(3) Petitioner failed to exhaust state court remedies. [1]

Moreover, because the Court does not believe that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong it **DECLINES** to issue a Certificate of Appealability. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court shall **CLOSE** the case.

**IT IS SO ORDERED**.

Dated: January 22, 2024

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] The motion to dismiss on all other grounds is DENIED.